LITTLE ROCK TRACTION & ELECTRIC COMPANY *v.* DUNLAP.

Opinion delivered June 16, 1900.

NEGLIGENCE—UNGUARDED BRIDGE.—A street-car company built a narrow bridge over a cut in a street for its own convenience, by permission of the city, but according to plans furnished by the city engineer. The city did not require it to place railings along the sides of the bridge. The situation was such that it was impossible to guard the cut unless bridge was railed. Plaintiff's horse, being frightened while on the bridge, fell from an unguarded side and was killed. *Held*, that whether the company was guilty of negligence in leaving the bridge with unguarded sides was a question for the jury. (Page 292.)

Appeal from Pulaski Circuit Court, Second Division.

JOS. W. MARTIN, Judge.

STATEMENT BY THE COURT.

The Little Rock Traction & Electric Company operates a street railway in the city of Little Rock. A line of this railway passes along Eleventh street where that street crosses West Spring street. At that point there is a cut along West Spring street some ten or fifteen feet below the grade of Eleventh street, and the railway is carried on a bridge or trestle above West Spring street. The trestle is planked making a passageway for pedestrians along the center of Eleventh street, but is not used for passage of vehicles. This bridge was constructed by the street-car company for its own convenience, but in accordance with plans furnished by the city engineer. The plaintiff, Geo. W. Dunlap, who lived two or three blocks away from this bridge, was the owner of a horse "blind in one eye and moon-eyed in the other." The horse was not blind, but his vision was so defective that he could not see the ground at his feet, but could see objects some feet away with one eye. The bridge was beyond the stock limits of the city, and on the day of the accident Dunlap turned his horse out to graze. The horse, passing along the street, walked partly across the bridge, became frightened, and then attempted to turn, but in

doing so he fell from the bridge, and was killed.   Thereupon Dunlap brought this action against the company to recover damages.   On the trial there was a verdict in favor of plaintiff for $25, and judgment accordingly, from which the company appealed.

*Rose, Hemingway & Rose,* for appellant.

At common law, the owner of cattle or horses could take them on the highway for no other purpose than mere passage. Elliott, Roads & Streets, § 316.   In this state the owner of cattle is not liable in trespass when they stray on the highway or another's enclosed land.   48 Ark. 369; 37 Ark. 562.   But the landowner is under no obligation to expend money or labor in preparing the land for a convenient or safe enjoyment of it.   47 Ill. 333; 66 Mo. 325; 74 Ill. 435; 6 Pa. St. 472; 46 Ark. 207; 55 Mo. 580; 71 N. Car. 222; 57 Ark. 21.   For whatever defect there was in the plans of construction, the city is responsible.   54 Conn. 574; 87 Mo. 673; 4 Oh. St. 95; 98 Fed. 694.

*Fulk, Fulk & Fulk,* for appellee.

The verdict is supported by evidence, and will not be reversed.   40 Ark. 168; 57 Ark. 577.   Appellant was chargeable with knowledge that the bridge was dangerous, and was guilty of negligence.   60 Ark. 545; 46 Ark. 207.   Appellee was not negligent.   46 Ark. 207; 57 Ark. 569; Thompson, Neg. 497-8; 46 Ill. 495.

RIDDICK, J., (after stating the facts.)   The plaintiff contends that the company was guilty of negligence in failing to put railings along the side of the bridge constructed by it across the cut in the street, and that this negligence occasioned the injury.   While the company was not required by any order of the city or its engineer to put railings along the sides of the bridge, still there is nothing in the evidence to show that it was forbidden to do so, and the question presented is whether the jury were justified in finding that the company was guilty of negligence in failing to put up railings.

If one should, with the permission of the city, for his own advantage cut a ditch across a public street, and leave it

unguarded and in a condition liable to injure those passing along the street, he would be guilty of negligence, and liable for injury occasioned thereby.  It is also clear that if the city should dig the ditch, and if one should alter or enlarge the ditch so as to make it still more dangerous, he might become liable for injury caused by such change in the character of the opening.  1 Shearman & Redfield on Neg. (5th Ed.) § 359, and cases cited.

The deep cut across the street, into which plaintiff's horse fell from the bridge constructed by defendant, was, if left unguarded, more or less likely to cause injury; and, although the company did not make the ditch, and is not responsible for it, still it was bound to exercise due care not to increase the danger.  If the bridge had not been erected, the city could have closed the ends of the street abutting on the cut, so as to prevent persons or animals from falling into it, but after the erection of the bridge the ends of the street could not be entirely closed, as a passage was necessary for the cars of defendant.  In other words, the bridge constructed by the company for its own convenience made it impossible to guard the cut, except by flooring the bridge and then placing railings along its sides.  The bridge was in a suburb of the city, where the owners of stock were permitted to let them run at large upon the streets.  In passing this street, stock would be apt at times to attempt to pass over this narrow bridge, and, if frightened while upon it, were in danger of falling from its unguarded sides into the cut below, as plaintiff's horse fell.  This bridge, in effect, extended the sides of the cut from which the animals could fall, and, on account of its narrowness and unguarded sides, was more or less dangerous.  Under these circumstances, we think it was a question for the jury to say whether this narrow unguarded bridge connecting the ends of the street severed by the cut did not add to the danger of the cut, and whether the company was not guilty of negligence in leaving it with unguarded sides.  Though the case is not free from doubt, we are of the opinion that the questions of negligence and contributory negligence were properly submitted to the jury.

Judgment affirmed.